FILED
COURT OF APPEALS
DIVISION II

2013 SEP -4 AM 10: 21

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 43415-6-II |
| Appellant, | |
| v. | UNPUBLISHED OPINION |
| HELEN DEE DEE SHALE, | |
| Respondent. | |

BJORGEN, J. — The State appeals the superior court's order dismissing a felony driving under the influence (DUI) charge against Helen Dee Dee Shale based on a violation of her right to a speedy trial. We reverse and remand for further proceedings.[1]

## FACTS

On February 15, 2012, Jefferson County Sheriff's Deputy Brandon M. Przygocki arrested Shale on suspicion of DUI.[2] On February 16, 2012, the district court arraigned Shale on a gross

---

[1] A commissioner of this court initially considered this appeal as a motion on the merits under RAP 18.14 and then referred it to a panel of judges.

[2] The district court information is not in the record on appeal.

misdemeanor DUI charge, RCW 46.61.502(5),[3] and she remained in custody. On March 16, 2012, the State asked that the court not set a trial date because the parties were discussing a plea. The district court then set a hearing, but not trial, for April 4, 2012.

On April 4, 2012, Shale wanted to enter a guilty plea to the misdemeanor charges but the State refused to make a plea offer based on those charges because it was investigating whether it should instead charge a felony DUI based on her criminal history from another jurisdiction. RCW 46.61.502(6). The district court continued the hearing to April 11, 2012, at which time the court issued another week's continuance because the other jurisdiction had not responded to the State's request for information.

On April 16, 2012, the State charged Shale with felony DUI in superior court. RCW 45.61.502(6)(b)(ii). That same day, the district court held a hearing on its misdemeanor DUI charge, at which time the State moved to dismiss that charge. Shale objected to the dismissal and stated that she was prepared to enter a guilty plea to the misdemeanor charge.

The district court advised that the time for trial period "likely expires today." Report of

---

[3] RCW 46.61.502 provides, in relevant part:

    (1)    A person is guilty of driving while under the influence of intoxicating liquor, marijuana, or any drug if the person drives a vehicle within this state:

    . . . .

    (5)    Except as provided in subsection (6) of this section, a violation of this section is a gross misdemeanor.

    (6)    It is a class C felony punishable under chapter 9.94A RCW . . . if:

    . . . .

    (b)    The person has ever previously been convicted of:

    . . . .

    (ii)    Vehicular assault while under the influence of intoxicating liquor or any drug, RCW 46.61.522(1)(b).

2

No. 43415-6-II

Proceedings (RP) (Apr. 16, 2012) at 32. The State took the position that Shale "ha[s] an excluded period, as they set it over for about a month." RP (Apr. 16, 2012) at 32. The district court concluded that it could not "force a plea upon the State," and it granted the State's motion to dismiss. It did not rule on the time for trial issue under CrR 3.3, but added, "I don't know whether you're going to have any time to try her in superior court, or not." RP (Apr. 16, 2012) at 33.

On April 27, 2012, when the parties appeared in superior court, Shale raised the time for trial issue. She filed a motion to dismiss, arguing that the 60-day time for trial period under CrR 3.3(b)(1) had elapsed. The State argued that the "clock" stopped on April 4. RP (Apr. 27, 2012) at 2-3. Shale countered that CrR 3.3(f)[4] stopped the trial period from running only when there was a written agreement and when the trial court "continue[d] the trial date to a specified date," neither of which applied in her case. CrR 3.3(f)(1), (2); RP (Apr. 27, 2012) at 3-6.

The State asked the trial court to continue the case beyond the time for trial under

---

[4] CrR 3.3(f)(1) and (2) provide:
> (1) Written Agreement. Upon written agreement of the parties, which must be signed by the defendant or all defendants, the court may continue the trial date to a specified date.
> (2) Motion by the Court or a Party. On motion of the court or a party, the court may continue the trial date to a specified date when such continuance is required in the administration of justice and the defendant will not be prejudiced in the presentation of his or her defense. The motion must be made before the time for trial has expired. The court must state on the record or in writing the reasons for the continuance. The bringing of such motion by or on behalf of any party waives that party's objection to the requested delay.

3

CrR 3.3(g).[5] The superior court later issued a written order dismissing the felony DUI charge. It ruled that CrR 3.3(f)(2) did not apply because "[t]he excluded period rule refers only to continuance of the 'trial date'. This court does not have a record of any trial date being continued in District Court, only the 'PTR' [pretrial] hearing was continued." Clerk's Papers at 19.

The superior court denied the State's motion to reconsider. The State appeals.

## ANALYSIS

The State argues that the superior court "erroneously combined the time periods for the dismissed" misdemeanor district court DUI charge and the superior court felony DUI charge. Br. of Appellant at 4. The State's opening brief cites no cases and only one rule, CrR 3.3(b). The State does not argue that the superior court erred in denying a continuance beyond the time for trial period under CrR 3.3(g), and presents no argument that the district court's continuance tolled that period. The State focuses exclusively on the date it filed the felony DUI charges in superior court. Shale responds that time spent in custody under the misdemeanor DUI charge is within the 60-day time for trial calculation because the two DUI charges were related. In its reply, the State argues that the two charges were unrelated.

---

[5] CrR 3.3(g) provides, in part:
> The court may continue the case beyond the limits specified in section (b) on motion of the court or a party made within five days after the time for trial has expired. Such a continuance may be granted only once in the case upon a finding on the record or in writing that the defendant will not be substantially prejudiced in the presentation of his or her defense. The period of delay shall be for no more than 14 days for a defendant detained in jail, or 28 days for a defendant not detained in jail, from the date that the continuance is granted.

No. 43415-6-II

We review a trial court's application of CrR 3.3 de novo. *State v. Tolles*, __ Wn. App. __, 301 P.3d 60, 62 (Div. II May 14, 2013). "Failure to strictly comply with CrR 3.3 requires dismissal, whether or not the defendant can show prejudice." *Tolles*, 301 P.3d at 62. Unchallenged findings of fact on a CrR 3.3 motion to dismiss are verities on appeal. *Tolles*, 301 P.3d at 62.

1.    Related Charges

CrR 3.3(a)(5) states:   "The computation of the allowable time for trial of a pending charge shall apply equally to all related charges." "Related charge" is defined as "a charge based on the same conduct as the pending charge that is ultimately file[d] in the superior court." CrR 3.3(a)(3)(ii). "Where multiple charges stem from the same criminal conduct, the time for trial period begins on the date the defendant was held to answer on the first of these charges." *State v. Kindsvogel*, 149 Wn.2d 477, 482, 585 P.2d 66 (2003) (citing *State v. Peterson*, 90 Wn.2d 423, 431, 585 P.2d 66 (1978)); *see also State v. Harris*, 130 Wn.2d 35, 44, 921 P.2d 1052 (1996).[6] The purpose of this time for trial rule and definition is to stop "prosecutors from harassing a defendant by bringing successive charges over a long span of time even though all charges stem from the same criminal episode." *State v. Lee*, 132 Wn.2d 498, 503, 939 P.2d 1223 (1997). Here, both the misdemeanor and felony charges were based on Shale's DUI on February 15; thus, it is the "same conduct." CrR 3.3(a)(3)(ii).

---

[6] Prior to the amendment of the speedy trial rules in 2003, we looked to the American Bar Association's (ABA) speedy trial standards for guidance. *See, e.g., Kindsvogel*, 149 Wn.2d at 482; *Harris*, 130 Wn.2d at 42. The ABA defined "related offenses" as "based upon the same conduct, upon a single criminal episode, or upon a common plan." *Kindsvogel*, 149 Wn.2d at 482. CrR 3.3(a)(3)(ii) incorporates the "same conduct" portion of the ABA definition; thus, we find pre-amendment cases instructive.

The State argues that it can distinguish the two charges because the misdemeanor DUI charge "was [based on] a single episode of driving under the influence" and the felony DUI charge instead involved "criminal conduct that extended over several years and included several separate convictions for alcohol-related driving offenses." Reply Br. of Appellant at 2 (citing RCW 46.61.502(1), (6)). Although we recognize that a driver's past criminal history can increase the severity of a DUI charge from a gross misdemeanor to a class C felony, we hold that the criminal conduct supporting both charges arose from a single criminal episode, namely, Shale's "driving while under the influence of intoxicating liquor, marijuana, or any drug" on February 15, 2012. RCW 46.61.502(1), (5), (6).

In *Harris*, our Supreme Court held that because the superior court had concurrent jurisdiction with the district court over an earlier-filed driving with no valid operator's license charge originally filed in district court and the same prosecuting authority appeared in both courts, the district court time for trial period applied to a later-filed superior court charge for taking a motor vehicle without permission that arose from the same traffic stop. 130 Wn.2d at 42, 47; *see also State v. Peterson*, 90 Wn.2d 423, 585 P.2d 66 (1978) (time for trial rule applied to require dismissal of superior court assault charge filed two years after the filing and dismissal of a district court assault charge); *but cf. State v. Fladebo*, 113 Wn.2d 388, 392, 779 P.2d 707 (1989) (time for trial clock was reset in move from municipal to superior court because the different charges arose from "different jurisdictions with separate prosecutorial responsibilities"). The present circumstances resemble those of *Harris*, not *Fladebo*. First, the prosecuting authority was the same. Second, under RCW 2.08.010 the superior court has original jurisdiction over all felonies and all misdemeanors not otherwise provided for by law, and under RCW

6

3.66.060 superior court and district court have concurrent jurisdiction over misdemeanors and gross misdemeanors. Under the case law, both charges arose from a single criminal episode.

2.    Justified Delay

Nevertheless, our review of the record demonstrates that the State's delay in filing the superior court charges may have been permissible due to difficulties it faced in obtaining Shale's past criminal history from another jurisdiction. RCW 46.61.502(6). In *State v. Ross*, 98 Wn. App. 1, 981 P.2d 888 (1999), the State charged the defendant with DUI in district court and later charged him with possession of a controlled substance in superior court.[7] The defendant moved to dismiss the later-filed charge under CrR 3.3. *Ross* recognized that the State was not required to bring a charge "until, in the exercise of due diligence, it had or should have had the evidence" to support the charge. *Ross*, 98 Wn. App. at 6; *see also Fladebo*, 113 Wn.2d at 394 (rejecting time for trial argument because the State had to verify substance found in defendant's car was an illegal drug before filing controlled substance charges). Similarly, the State could not charge Shale with felony DUI until it verified whether she had prior DUI or related convictions. RCW 46.61.502(6). *Ross* concluded that were the State able to meet its burden of showing that "it acted in good faith and with due diligence, that is, that its reasons for delay . . . were understandable and justified," the time for trial period for the controlled substance charge would accrue from the date of the second arraignment. *Ross*, 98 Wn. App. at 6. Because, however, the record on appeal in *Ross* did not allow us to determine whether the State acted in good faith and with due diligence in bringing the later charge and that its reasons were understandable and

---

[7] Although the State does not argue from *Ross*, the argument in its opening brief that the delay in filing felony charges was due to failed plea negotiations and delay in receiving conviction records from another county is essentially a *Ross* claim.

7

justified, we remanded for the trial court to address this issue. *Ross*, 98 Wn. App. at 6. We do the same here.

In the event the trial court determines that the State's reasons for delaying charging Shale with felony DUI until April 16, 2012 were understandable and justified and that it acted in good faith and with due diligence, the time for trial period accrues from the date of Shale's felony DUI arraignment. *Ross*, 98 Wn. App. at 6. But if the court finds that the State failed to show that its reasons for the delayed charge were understandable and justified and that it acted in good faith and with due diligence, the time for trial period for the felony DUI charge accrues from the date of the original district court DUI charge. *Ross*, 98 Wn. App. at 6-7.

Accordingly, we reverse and remand for proceedings consistent with this opinion.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, J.

We concur:

HUNT, P.J.

QUINN-BRINTNALL, J.